FILED
JANUARY 11, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. |
| v. ) | |
| ) | Judge |
| FUNDS IN THE AMOUNT OF ) | |
| ONE HUNDRED NINETY-NINE ) | |
| THOUSAND NINE HUNDRED EIGHTY ) | |
| FIVE DOLLARS ) | |
| ($199,985.00), ) | |
| ) | **JURY TRIAL DEMANDED** |
| Defendant. ) | |

**08 C 285**

**JUDGE GUZMAN
MAGISTRATE JUDGE SCHENKIER**

### VERIFIED COMPLAINT OF FORFEITURE

The UNITED STATES OF AMERICA, by PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, for its verified complaint against the above-named defendant property, alleges in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure as follows:

1. This complaint is verified by the attached affidavit of Special Agent Jeanna Bryant ("SA Bryant") of the Drug Enforcement Administration ("DEA"), which is fully incorporated herein.

### Jurisdiction and Venue

2. This is an *in rem* forfeiture action brought pursuant to Title 21, United States Code, Section 881(a)(6) for forfeiture of funds in the amount of one hundred ninety-nine thousand nine hundred eight five dollars ($199,985), which funds were furnished and intended to be furnished in exchange for a controlled substance, are the proceeds from the sale of a controlled substance, and were monies used and intended to be used to facilitate narcotics trafficking, in violation of Title 21,

United States Code, Section 801, *et seq.* This Court has jurisdiction over this action pursuant to Title 28, United States Code, Sections 1345 and 1355(a).

3.      This court has *in rem* jurisdiction over the defendant property pursuant to Title 28, United States Code, Section 1355(b)(1)(A), as certain of the acts giving rise to this forfeiture action occurred within the Northern District of Illinois.

4.      Venue is proper under Title 28, United States Code, Section 1395(b) because the defendant funds were found and seized within the Northern District of Illinois on August 27, 2007 and shall remain here during the pendency of this action.

## Statutory Authority

5.      This forfeiture action *in rem* is brought pursuant to Title 21, United States Code, Section 881(a)(6).

## Specific Allegations

6.      On August 27, 2007, DEA Agents assigned to the DEA Transportation Interdiction Group at Amtrak Union Station in Chicago, Illinois conducted a routine review of the computerized travel manifest for Amtrak. During review of the manifest, DEA law enforcement agents noticed that an individual Jocelyne Jackson ("Jackson") had purchased one way, first class train tickets with cash one (1) day prior to travel from Atlanta, Georgia to Emeryville, California via Chicago, Illinois.

7.      At approximately 1:45 p.m. on August 27, 2007, DEA law enforcement agents proceeded to the train car where Jackson's room was located and waited for her arrival. Within minutes, Jackson arrived and entered her sleeper car room. DEA law enforcement agents identified themselves to Jackson and conducted a noncustodial interview with Jackson. During the interview, DEA law enforcement agents asked Jackson if the luggage present was hers and if she had checked

any other bags. Jackson told the agents that the luggage was hers and that she had also checked one bag. Further, she stated that no one had given her any packages to transport on the train. Jackson also advised the agents that she was not in possession of any weapons, illegal drugs or any large amounts of currency.

8. DEA law enforcement agents then asked if agents could search her luggage. When TFO Randal Szmergalski ("Szmergalski") began to pick up one bag, Jackson attempted to hand him another bag to search. TFO Szmergalski observed that the first bag had a lock on it and asked Jackson if she had the combination or the key and, after hesitating, she stated that she did not. During this time, Jackson appeared nervous and was hesitant and vague in her responses. TFO Szmergalski then asked if he could open on the luggage by "popping" the zipper. Jackson consented to this procedure to open the luggage. Because he could feel the bag was heavy, TFO Szmergalski asked Jackson about the contents of her luggage and whether it contained money. Jackson replied that it did contain currency. TFO Szmergalski asked her approximately how much and Jackson replied "about $7,000.00." At that time, TFO Szmergalski opened the bag and discovered multiple bundles of currency. When asked to provide documentation, Jackson was unable to do so.

9. DEA agents asked Jackson to accompany them to the DEA office at Union Station to continue the interview. Jackson agreed to go with the agents to continue the interview. While on the way to the DEA office, Jackson stated that her boyfriend owns strip clubs and the money was from the businesses. Once inside the DEA office, Jackson was verbally advised of her *Miranda* rights. During the continued interview inside the DEA office, Jackson stated that she was an exotic dancer, she traveled a lot and lived in California. She further stated that she has family members

who support her financially and that the money in the luggage was hers but did not want to discuss it further without an attorney.

10.   The Chicago Police Department responded with its canine, "Andy" and conducted a narcotic order investigation on Jackson's bag containing the currency, as well as several control bags. Andy gave a positive alert for the presumptive presence of narcotic odor to the bag containing the seized currency. "Andy" is owned by the Chicago Police Department and is certified annually. "Andy" a certified narcotic detector with the Chicago Police Department. Chicago Police canines are certified every two years, and Andy was last certified in May 2007. Andy has made over 300 narcotic and narcotic related finds since 2001 and has had several instances of no detection.

11.   Agents seized a total of $199,985 from Jackson which included 410 one hundred bills; 168 fifty dollar bills; 7,254 twenty dollar bills; 412 ten dollar bills; 279 five dollar bills, and 10 one dollar bills.

12.   For the reasons stated herein and in the attached affidavit, there is probable cause to believe that funds in the amount of one hundred ninety-nine thousand nine hundred eight five dollars ($199,985) were furnished and intended to be furnished in exchange for a controlled substance, are proceeds from the sale of a controlled substance, and were monies used or intended to be used to facilitate a narcotics transaction in violation of 21 U.S.C. § 841, *et seq.*, and condemnation pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States of America requests:

a. That the defendant funds be proceeded against for forfeiture and condemnation, that a warrant of seizure and monition issue and that due notice be given to all interested parties to appear and show cause why the forfeiture should not be decreed; and

b. That the court adjudge and decree that the defendant funds be forfeited to the United States and disposed of according to law.

c. That this matter be resolved by a Jury.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: _____
CHARLES E. EX
Assistant United States Attorney
219 South Dearborn Street, 5th Floor
Chicago, Illinois 60604
(312) 353-4305

| | |
|---|---|
| NORTHERN DISTRICT OF ILLINOIS | )<br>) ss |
| COUNTY OF COOK | ) |

### AFFIDAVIT

JEANNA BRYANT, being duly sworn on oath, deposes and states as follows:

1. I am a Special Agent with the Drug Enforcement Administration ("DEA") assigned to the Chicago office and have been so for approximately three and one-half years. My duties and responsibilities as a Special Agent with DEA involve the investigation of alleged violations of the Controlled Substances Act, Title 21 of the United States Code.

2. I have read the complaint in this matter and the facts alleged are true and correct to the best of my knowledge, information, and belief based upon my own personal knowledge as well as information I have received from other sources. Because this affidavit is for the limited purpose of establishing that this property is subject to forfeiture, it does not include each and every fact known to me concerning this investigation or the conversations described therein.

3. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 11, 2008 in Chicago, Illinois.

JEANNA BRYANT
Special Agent
Drug Enforcement Administration

SUBSCRIBED and SWORN to before me
this 11th day of January 2008.

_____
NOTARY PUBLIC

OFFICIAL SEAL
BARBARA ROBERTSON
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:12/26/11