IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No.  08 C 285 |
| vs. ) | |
| ) | Judge Ronald A. Guzman |
| FUNDS IN THE AMOUNT OF ONE ) | |
| HUNDRED NINETY-NINE THOUSAND ) | |
| NINE HUNDRED EIGHTY FIVE ) | |
| DOLLARS ($199,985.00) ) | |
| ) | |
| Defendant. ) | |

ANSWER OF CLAIMANT JOCELYNE MARIE JACKSON
TO GOVERNMENT'S COMPLAINT FOR FORFEITURE IN REM;
DEMAND FOR TRIAL BY JURY

Claimant JOCELYNE MARIE JACKSON hereby answers the allegations in the Government's Forfeiture Complaint In Rem as follows:

1.  In response to the allegations contained in paragraph 1 of the Complaint, claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and, on those grounds, denies each and every allegation contained therein.

2.  In response to the allegations contained in paragraph 2 of the Complaint, claimant admits that this action is an *in rem* forfeiture action for the forfeiture of the defendant funds.  In response to the remaining allegations in paragraph 2 of the Complaint, claimant denies each and every allegation contained therein.

3. In response to the allegations contained in paragraph 3 of the Complaint, claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and, on those grounds, denies each and every allegation contained therein

4. In response to the allegations contained in paragraph 4 of the Complaint, claimant admits that the defendant funds were seized within the Northern District of Illinois on 27 August 2007.  In regards to the remaining allegations contained in paragraph 4 of the Complaint, claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and, on those grounds, denies each and every allegation contained therein.

5. In response to the allegations contained in paragraph 5 of the Complaint, claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and, on those grounds, denies each and every allegation contained therein.

6. In response to the allegations contained in paragraph 6 of the Complaint, claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and, on those grounds, denies each and every allegation contained therein.

7. In response to the allegations contained in paragraph 7 of the Complaint, claimant admits that she was interrogated by law enforcement officers without any advisement of her rights.  In regards to the remaining allegations contained in paragraph 7 of the Complaint, claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and, on those grounds, denies each and every allegation contained therein.

8. In response to the allegations contained in paragraph 8 of the Complaint, claimant admits that her luggage was searched, without her permission or consent and against her will, by law enforcement officers.   In regards to the remaining allegations contained in paragraph 8 of the Complaint, claimant lacks sufficient information to form a belief as to the truth of the

allegations contained therein, and, on those grounds, denies each and every allegation contained therein.

      9.      In response to the allegations contained in paragraph 9 of the Complaint, claimant admits that she was forced, against her will, to leave her train car and accompany law enforcement agents to a DEA office. Claimant further admits that she immediately demanded to speak to an attorney. In regards to the remaining allegations contained in paragraph 9 of the Complaint, claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and, on those grounds, denies each and every allegation contained therein.

      10.      In response to the allegations contained in paragraph 10 of the Complaint, claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and, on those grounds, denies each and every allegation contained therein.

      11.      In response to the allegations contained in paragraph 11 of the Complaint, claimant admits the allegation contained therein.

      12.      In response to the allegations contained in paragraph 12 of the Complaint, claimant denies each and every allegation contained therein.

IN ADDITION, claimant raises the following numbered defenses to the government's forfeiture complaint:

<u>FIRST AFFIRMATIVE DEFENSE</u>

As a separate and affirmative defense to the Complaint on file herein, claimant alleges that said Complaint does not state facts sufficient to state a claim for forfeiture of defendant property.

SECOND AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, claimant alleges that plaintiff lacked any probable cause for either the institution of this forfeiture suit, the seizure of defendant property or the forfeiture of defendant property.

THIRD AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, claimant alleges that the seizure and arrest of the property claimed to be subject to forfeiture by plaintiff was made in violation of claimant's Fourth Amendment rights and/or the Due Process Clause of the Fifth Amendment of the United States Constitution.  Consequently, all of the evidence seized and the fruits thereof must be suppressed.

FOURTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, claimant alleges that the search of her luggage by law enforcement officers, which search led to the seizure of defendant property, was made in violation of claimant's Fourth Amendment rights and/or the Due Process Clause of the Fifth Amendment of the United States Constitution. Consequently, all the evidence seized, and the fruits thereof, including any statements made by claimant, must be suppressed.

FIFTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, claimant alleges that the defendant property was derived from legitimate activities and thus, claimant has an innocent possessory and/or ownership interest in said property.

SIXTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, claimant alleges that this court lacks jurisdiction over the subject matter of plaintiff's complaint and defendant property.

SEVENTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, claimant alleges that said Complaint is barred by the applicable statute of limitations.

EIGHTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, claimant alleges that pursuant to the Due Process Clause of the United Sates Constitution and plaintiff's statutory obligation to initiate this action promptly from the time of discovery of any facts giving rise to the government's claim, plaintiff is barred from bringing this forfeiture action by its unnecessary delay.

NINTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, claimant alleges that the government's forfeiture claim is void and unenforceable as violative of the United States Constitution, in that it would result in the taking of property without due process of law, and without just compensation, in violation of the Fifth Amendment to the United States Constitution.

TENTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, claimant alleges that the government's forfeiture claim is void and unenforceable as violative of the United States Constitution, in that the forfeiture of claimant's interest in the subject property would

amount to a cruel and unusual punishment, in violation of the Eighth Amendment to the United States Constitution.

ELEVENTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, claimant alleges that the government's forfeiture claim is void and unenforceable as violative of the United States Constitution, in that the forfeiture of claimant's interest in the subject property would amount to an excessive fine in violation of the Eighth Amendment to the United States Constitution.

TWELFTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, claimant alleges that the government's forfeiture claim is void and unenforceable as violative of the United States Constitution, in that claimant was denied notice and opportunity to be heard prior to the seizure of defendant property or the initiation of this forfeiture action, in violation of the Due Process Clause of the Fifth Amendment to the United States Constitution.

THIRTEENTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, claimant alleges that the seizure and arrest of the property claimed to be subject to forfeiture was made in violation of the Fourth Amendment to the Constitution and the Right to Financial Privacy Act.

FOURTEENTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, claimant alleges that the seizure and arrest of the property claimed to be subject to forfeiture was made in

violation of Article I, Section 1 and Section 8, Clause 18, of the United States Constitution, being founded upon an unlawful delegation of legislative power.

FIFTEENTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, claimant alleges that 21 U.S.C. § 881 is unconstitutional and unenforceable, in that it constitutes a denial of claimant's due process and equal protection rights under the United States Constitution.

PLEASE TAKE NOTICE THAT CLAIMANT DEMANDS TRIAL BY JURY OF THE ISSUES AND DEFENSES RAISED BY HER CLAIM AND ANSWER.

WHEREFORE, claimant JOCELYNE MARIE JACKSON prays that this Court will:

1. Dismiss plaintiff's Complaint and enter a judgment on behalf of claimant.

2. Order that all property seized, and the fruits thereof, be suppressed as evidence in this case, and order that all items seized from claimant's possession, actual or constructive, be suppressed as evidence in this and any other proceeding.

3. Order that all of defendant property be released and surrendered to claimant forthwith.

4. Deny issuance of a certificate of probable cause pursuant to 28 U.S.C. § 2465 and award costs and attorney fees to claimant.

5. Provide such other and further relief as this court deems proper and just.

Respectfully submitted,

Dated: 14 March 2008

          s/DAVID M. MICHAEL
          DAVID M. MICHAEL
          California State Bar No. 74031
          Law Offices of David M. Michael
          101 California Street, Suite 2450
          San Francisco, CA 94111
          Telephone: (415) 946-8996
          Facsimile:　(877) 538-6220
          dmmp5@aol.ocm

Dated: 14 March 2008


          S/DIANA T. FRAPPIER
          DIANA T. FRAPPIER,
          California State Bar No. 184048
          344  40th Street
          Oakland, CA 94609
          Telephone:　(510) 428-3939
          Facsimile:　 (415) 233-4477
          E-mail:　   esqdiana@comcast.net

          Attorneys for Claimant
          JOCELYNE MARIE JACKSON

## CERTIFICATE OF SERVICE

I hereby certify that, on 14 March 2008, I caused to be electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

AUSA Charles E. Ex
Office of the U.S. Attorney
Northern District of Illinois
219 S. Dearborn Street, 5th Floor
Chicago, Illinois 60604

        S/DIANA T. FRAPPIER
        DIANA T. FRAPPIER, CSB #184048
        344  40th Street
        Oakland, CA 94609
        Telephone:   (510) 428-3939
        Facsimile:    (415) 233-4477
        E-mail:     esqdiana@comcast.net

        Attorney for Claimant
        JOCELYNE MARIE JACKSON