## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) **Case No.  08 C 285** |
| **vs.** | ) |
| | ) **Judge Ronald A. Guzman** |
| **FUNDS IN THE AMOUNT OF ONE** | ) |
| **HUNDRED NINETY-NINE THOUSAND** | ) |
| **NINE HUNDRED EIGHTY FIVE** | ) |
| **DOLLARS ($199,985.00)** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |
| _____/ | ) |
| | ) |
| **JOCELYNE MARIE JACKSON,** | ) |
| | ) |
| **Claimant.** | ) |
| | ) |
| _____/ | ) |
| | ) |

## CLAIMANT'S OPPOSITION TO GOVERNMENT'S MOTION TO COMPEL FURTHER DISCOVERY

Although the government, in its pleadings may raise valid, albeit disputed, discovery issues, the government is completely wrong in its assertion that any such discovery disputes would require or justify a delay in this Court's resolution of Claimant's motion to suppress evidence.  As set forth herein, Claimant's motion to suppress arose out of an encounter between claimant and the four DEA agents who detained her and searched and seized her luggage on or

1

about August 27, 2007, in her sleeping compartment on an Amtrak train at Union Station in Chicago, Illinois.  The only evidence relevant to this Court's resolution of that issue is what the agents knew at the time of the stop of Claimant and what occurred during that encounter.

In seeking a delay of this determination, the government hides behind and conflates general discovery rules related to summary judgment and trial rather than suppression.  As will be shown here, the discovery the government seeks is completely and totally irrelevant to any determination as to whether or not four DEA agents violated Claimant's Fourth Amendment rights by invading her train compartment on August 27, 2007 and seizing and searching her luggage at that time.  In addition, the courts have uniformly refused to allow discovery when an issue can be fairly decided without the requirement of such discovery.

**Argument**

**I.      The Government Offers No Lawful Reason Why It's Motion To Compel Further Discovery Should Delay This Court's Determination of Claimant's Motion to Suppress.**

The government admits that Claimant has responded to its Interrogatories and Requests for Production of Documents.  The government alleges, though, that the answers were "incomplete and non-responsive" and that no documents were produced.  Gov't Motion to Compel Discovery and Response to Claimant Jackson's Motion to Suppress (Gov't Opp."), at 5. The government then goes on to cite a string of circuit and district court cases regarding a party's obligations to provide discovery and the consequences of any failure to do so.  But the government only cites to cases that address issues arising in the summary judgment context or addressing the assertions of certain defenses at trial. *United States v. $433,850.00 in U.S. Currency*, 473 F. Supp.2d 685 (E.D.N.C. 2007); *United States v. Currency in the Sum of*

2

*$185,000 More or Less*, 455 F. Supp.2d 145, 150-51; *United States v. $110,873.00 in U.S. Currency*, 159 Fed. Appx. 649, 652-53 (6th Cir 2005); *United States v. Certain Real Property 6250 Ledge Road, Egg Harbor* 943 F 2d. 721,729 (7th Cir. 1991).

There is no basis for the government to assert, in addressing Claimant's motion to suppress, that this Court should make a summary judgment or trial analysis of Claimant's assertion of her Fifth Amendment and Fourth Amendment rights in response to the government's discovery requests.   In fact, the relevant law holds otherwise. [1]

### a.  The Fourth Amendment Applies to Civil Forfeiture Proceedings

First, it has been black letter law for over 120 years that both the Fourth Amendment exclusionary rule and the Fifth Amendment right against self-incrimination applies to civil forfeiture proceedings.  Because of the use of civil forfeiture statutes to aid in the enforcement of criminal laws, *see Calero-Toledo, 416 U.S. at 686-87, 94 S. Ct. at 2093-94*, courts have developed limited constitutional criminal law protections for owner-claimants. *One 1958 Plymouth Sedan*, 380 U.S. at 702, 85 S. Ct. at 1251 (extending the protection of the Fourth Amendment exclusionary rule to civil forfeitures); *Boyd v. United States, 116 U.S. 616, 6 S. Ct. 524, 29 L. Ed. 746 (1886)* (applying Fifth Amendment protection against self-incrimination to civil forfeiture proceedings).

//

---

[1] It is noteworthy that, as the government concedes, Claimant Jackson did not make any blanket assertions of her Fifth and Fourth Amendment rights.  *See, e.g., United States v. Certain Real Property 6250 Ledge Road, Egg Harbor, supra, 943 F 2d. at 729 (7th Cir. 1991)*  She, in fact surgically chose to answer those questions that she was able to in the face of the government's accusation that she was involved in criminal activity and she raised other non-constitutional objections to the government's requests. Gov't Opp., at 6.

3

### b. The Government's Probable Cause Requirement for Seizure and Initiation of a Forfeiture Action is Distinct From the Government's Burden at Trial

Pursuant to to the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), *18 U.S.C. § 983(c)*, now provides that the "government may use evidence gathered after the filing of a complaint for forfeiture to establish, by a preponderance of the evidence, that property is subject to forfeiture." *Section 983(a)(3)(D)* provides the same thing: "No complaint may be dismissed on the ground that the government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property."

But, in addition, *19 U.S.C. § 1615* holds that  "[T]he burden of proof shall be upon the defendant: Provided, That probable cause shall be first shown for the institution of such suit or action."

The proper interpretation to be given to these sections is that, although CAFRA permits the government to use after-acquired evidence to establish the forfeitability of seized property, CAFRA does not permit the government to use after-acquired evidence to establish probable cause to initially seize the property because such an interpretation of CAFRA would run afoul of the Fourth Amendment, itself.  *United States v. $ 186,416.00 in U.S. Currency,* 2007 U.S. Dist. Lexis 95760 (CD Cal. 2007); *United States v. $ 78,850.00 in U.S. Currency,* 444 F. Supp. 2d 630, 638 n.11 (D.S.C. 2006); David B. Smith*, Prosecution and Defense of Forfeiture Cases,* P 11.03[6]; 146 Cong. Rec. H 2050 (Apr. 11, 2000)(Chairman Henry J. Hyde) (**"**[W]hile the government may use evidence obtained after the forfeiture complaint is filed to establish the forfeitability of the property by a preponderance of the evidence, the government must still have had enough evidence to establish probable cause at the time of filing (or seizure, if earlier)." )

4

It is clear, then, that CAFRA makes a clear distinction between the government's probable cause burden for seizure and its burden at summary judgment or trial.

### c.  Prior to a Determination of her Motion to Suppress, Claimant Cannot be Compelled to Provide Information That Would Be Attenuated From the Fourth Amendment Exclusionary Rule.

Claimant's motion to suppress goes to the heart of the government's probable cause requirements under *19 U.S.C. § 1615*.  If Claimant were to prevail at the hearing on her motion, then the evidence obtained from the contents of Claimant's luggage must be suppressed as evidence in the case as well as any subsequently obtained evidence that was the fruit of that poisonous tree. *Wong Sun v. United States,* 371 U.S. 471, 488, 83 S. Ct. 407, 9 L. Ed. 2d 441 (1963).

There are three exceptions to this exclusionary rule: (1) the independent source exception; (2) the inevitable discovery exception; and (3) the attenuated basis exception." *United States v. Davis,* 332 F.3d 1163, 1171 (9th Cir. 2003); *Nix v. Williams,* 467 U.S. 431, 443-47, 104 S. Ct. 2501, 81 L. Ed. 2d 377 (1984). Were Claimant to voluntarily provide to the government with any evidence related to the contents of her luggage, she would, in effect, be attenuating the initial illegality and the government could use whatever statements she made to circumvent any Fourth Amendment violation. See *Brown v. Illinois,* 422 U.S. 590, 604, 95 S. Ct. 2254, 45 L. Ed. 2D 416 (1975).

The Supreme Court has recognized that the Fifth Amendment's Self-Incrimination Clause has been applied in civil forfeiture proceedings.  *Austin v. United States,* 509 U.S. 602, 608 n.4, 113 S. Ct. 2801, 125 L. Ed. 2D 488 (1993). It further reconciled any tension that may exist between assertions of a Fourth Amendment violation and assertions of Fifth Amendment rights

5

in *Simmons v. United States, 390 U.S. 377, 88 S. Ct. 967, 19 L. Ed. 2d 1247 (1968)*, fashioning a doctrine sometimes referred to as "judicial use immunity":

> [I]n this case [defendant] was obliged either to give up what he believed, with advice of counsel, to be a valid *Fourth Amendment* claim or, in legal effect, to waive his *Fifth Amendment* privilege against self-incrimination. In these circumstances, we find it intolerable that one constitutional right should have to be surrendered in order to assert another. We therefore hold that when a defendant testifies in support of a motion to suppress evidence on *Fourth Amendment* grounds, his testimony may not thereafter be admitted against him at trial on the issue of guilt unless he makes no objection.
>
> *Id. at 394.*

Here, Claimant has asserted that her Fourth Amendment rights were violated by the seizure and search of her luggage and seeks to suppress the evidence obtained as well as its fruits. The government now demands information from Claimant regarding that same evidence. Yet, if Claimant were to voluntarily provide to the government with any evidence related to the contents of her luggage, then she would, in effect, be attenuating the initial illegality and the government could use whatever statements she made to circumvent its Fourth Amendment violation. *See Brown v. Illinois,* 422 U.S. 590, 604, 95 S. Ct. 2254, 45 L. Ed. 2D 416 (1975).[2]

Therefore, Claimant cannot be compelled to provide the government with any discovery related to the contents of her luggage prior to this Court's determination as to the merits of her motion to suppress. Even the cases cited by the government acknowledge that any such evidence obtained in discovery would end up being attenuated from law enforcement illegality in the initial

---

[2] Claimant has always been conscious of such concerns. Even her Declaration of Fact in Support of Motion to Suppress makes no reference to the actual contents of her luggage. Claimant's Motion to Suppress, at 13-14.

seizure.  Gov't  Opp., at 5, citing *United States v. 47 West 644 Route 38, Maple Park, Illinois*, 962 F. Supp. 1081, 1090 (N.D. Ill 1997).

   **d.  The Requested Additional Discovery Must be Relevant to Specific Issues Before the Court in Claimant's Suppression Motion.**

   Even assuming, arguendo, that there were no Fourth Amendment concerns related to the government's demand for further discovery as to the contents of Claimant's luggage, the government would still have no right to such discovery prior to a hearing on Claimant's motion to suppress unless it could show that the requested discovery was relevant to the issues before this Court as to that suppression motion.  As in summary judgment, the government must show how additional discovery would preclude this Court from deciding the suppression issue here.  *Woods v. City of Chicago, et. al.,* 234 F.3d 979, 990 (7th Cir. 2000) (A motion for further discovery is properly denied where the requesting party offers nothing to demonstrate why the requested discovery would be likely to generate any genuine issue of material fact related to the pending motion.); *Mackey v. Pioneer Nat'l Bank, 867 F.2d 520, 524 (9th Cir. 1989) (*"A *Rule 56(f)* motion must show how additional discovery would preclude summary judgment...")

   Without a showing of such relevance, additional discovery requests are considered moot. *See Moore v. J.T. Roofing, Inc., 94 Fed.Appx. 377, 379 (7th Cir. 2004)* (affirming district court's grant of summary judgment and denial of outstanding discovery requests as moot); *Taft v. Vines, 83 F.3d 681, 684 (3d Cir. 1996)* (en banc) (finding that motion for continuance in order to conduct discovery was moot); *Becker v. I.R.S., 34 F.3d 398, 405-06 (7th Cir. 1994)* (affirming district court's grant of summary judgment and implicit denial on mootness grounds of motion for continuance to proceed with discovery).

Although the government claims, in its opposition, that the additional discovery requested is "relevant to and reasonably calculated to lead to the discovery of admissible evidence regarding key issues and allegations raised in Jackson;s motion to suppress evidence and declaration" (Gov't Opp., at 6), the government makes absolutely no showing how that is so.  In fact, all the requested information has nothing whatsoever to do with Claimant's encounter with the four DEA agents on the Amtrak train and any of the events leading up to the search of her luggage and the seizure of its contents.  The government concedes exactly that by stating that the requested information "will show the source of the defendant funds, her assets and expenses, and whether Jackson's assertions that the money was obtained legally are legitimate." Gov't Opp., at 6.

Yet, Claimant's motion to suppress has nothing to do with the government's additional discovery requests as to her financial condition and the source of the funds.  Claimant's motion to suppress is solely concerned with what the government agents knew prior to their encounter with Claimant, their encounter with her in her sleeper car room on the Amtrak train at Union Station in Chicago, the interrogation of Claimant there, the search of her luggage at that time, the subsequent transportation of Claimant to a DEA office at Union Station, her refusal to sign a consent to search form, and the alleged dog alert to the currency at the DEA office.  All those issues have been set out fully in Claimant's motion, her declaration and the government's Statement of Facts in its Verified Complaint for Forfeiture.  Gov't. Opp. at 1, fn.1.  The issue of Claimant's financial condition and the source of the funds are totally irrelevant to Claimant's suppression motion, which is solely concerned with the events that took place at the time of the stop of Claimant and what was known to the DEA agents at the time they seized and searched Claimant's luggage.

Therefore, for the foregoing reasons, this Court should deny the government's request that the hearing on Claimant's motion to suppress should be delayed or stayed pending any further discovery responses by Claimant.  If the government's conduct in detaining Claimant and searching and seizing Claimant's luggage was unlawful, then Claimant deserves a prompt determination of that issue before having to submit to the government's further inquiries. The government's discovery requests are irrelevant to that determination.  In addition, at this stage of the proceedings, Claimant should not have to choose between an assertion of her constitutional rights and disclosure.

**II.    This Court Should Defer Any Determination Regarding Claimant's Further Discovery Obligations Until It Has Decided the Pending Suppression Issue.**

As set forth above, certain constitutional concerns are affected depending on how this Court decides Claimant's motion to suppress.  *Brown v. Illinois, supra,* 422 U.S. At  604 (1975). If granted, Claimant may justifiably refuse to provide any evidence regarding the contents of her luggage and it is possible that the government may seek to proceed with forfeiture with whatever untainted evidence may be available to it, absent any statements by Claimant or government agents as to the contents of her luggage.  Therefore, the breadth of the discovery that the government may be entitled to will shift depending on how this Court rules on the pending motion.  For that reason alone, it would be appropriate for this Court to defer any determination as to the government's motion to compel until  it decides Claimant's motion to suppress.

But, to briefly respond to some of the government's representations in its motion to compel, it is first noteworthy that, while the government recognizes that Claimant has asserted both Fourth and Fifth Amendment objections, the government makes no argument as to why these

assertions are without merit, other than to claim that the Court may draw an adverse inference from such a constitutional claim.  Gov't. Opp., at 9. [3]

### a.  Adverse Inference

In addressing this premature issue of an adverse inference, another summary judgment issue, as evidenced by the cases the government cites (Gov't Opp. at 9), such a consequence in the face of an assertion of a constitutional right is not as simple as the government may claim. Even if an adverse inference for invoking the privilege could be drawn at summary judgment or trial, it would be a violation of the privilege, itself, if such an invocation could also be used to deny a claimant an opportunity to contest the forfeiture, itself.  *See*, *United States v. Premises Located At Route 13, 946 F.2d 749,756 (11th Cir. 1991)* (where invocation of the privilege would automatically result in an adverse judgment, the Fifth Amendment is violated by forcing the defendant to choose between waiving the privilege or losing the civil case on summary judgment.)

Furthermore, this case is a civil forfeiture case where the government has provided absolutely no evidence that the seized funds are in any way subject to forfeiture as being furnished or intended to be furnished in exchange for a controlled substance, as being  traceable to such an exchange, or as being used or intended to be used to facilitate any violation of  21 U.S.C § 881(a)(6), as alleged in the government's Complaint for Forfeiture. Gov't. Opp. at 1

---

[3] The government also alleges that, by asserting her Fifth Amendment rights, Claimant has "essentially forfeited any right to an evidentiary hearing on her motion to suppress" (Gov't Opp. at 9).  But, for obvious reasons, the government offers no authority whatsoever for such a broad sweeping claim.

In fact, Claimant could have invoked the privilege for just as easily having been a "distributor of 'street money' in a political campaign, an embezzler, a jewel smuggler, an art thief, or an S & L crook.". *United States v. $191,910 in U.S. Currency,* 16 F.3d 1051, 1072 (9th Cir. 1994).  None of those criminal acts, allow for the forfeiture of funds related to their commission.

Suspicions or inferences of general criminality are not enough to obtain forfeiture under 21 U.S.C. § 881.  With the enactment of CAFRA, Congress substantially changed the civil forfeiture process.

"CAFRA heightens the government's evidentiary burden in civil forfeitures--the government must demonstrate by a preponderance of the evidence that the property sought is subject to forfeiture. ('In a suit or action brought under any civil forfeiture statute for the civil forfeiture of any property . . . the burden of proof is on the Government to establish, by a preponderance of the evidence, that property is subject to forfeiture[.]').  Furthermore, *§ 983(c)(3)* provides that 'if the Government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense, **the Government shall establish that there was a substantial connection between the property and the offense**.' " *United States v. Funds in the Amount of Thirty Thousand Six Hundred Seventy Dollars ($30,670.00),* 403 F.3d 448, 454; 2005 (7th Cir. 2005)(emphasis added)(internal citations omitted).

11

The government, under CAFRA, must have proof that the money is **specifically connected to drug activities**.  *Id.* At 1072  (emphasis added).  Therefore, any adverse inference this Court may draw from the invocation of the privilege here, even if applicable to this stage of the proceedings, could not prove that the funds were specifically connected to drug related activities or would otherwise support their forfeiture under 21 U.S.C § 881(a)(6).

### b.  Claimant's Privileged Tax Returns

The government also claims that Claimant's tax returns are not privileged, citing *Poulas v. Naas Foods,* 959 F.2d 69, 74 (7th Cir.1992).  But, *Poulas* does not say what the government claims it says. This Seventh Circuit, in *Poulis,* held that, in civil litigations generally, there is a privilege policy against the disclosure of tax returns **unless a litigant raises the issue herself.** *Poulos v. Naas Foods, Inc., 959 F.2d 69, 74-75 (7th Cir. 1992); Cohn v. Taco Bell Corp, 1994 U.S. Dist. LEXIS 9868,* No. 92 C 5852, *1994 WL 383975,* at *4 (N.D. Ill. July 20, 1994) (emphasis added); See, also*, Federal Savings & Loan Ins. Corp. v. Krueger,* 55 F.R.D. 512 (N.D. Ill. 1972); *Wiesenberger v. W. E. Hutton & Co.,* 35 F.R.D. 556 (S.D.N.Y. 1964). In this forfeiture proceeding, Claimant is not the party who has raised the issue of her tax returns. It is the government who has done so by the filing of its Complaint for Forfeiture. Therefore, the privilege belongs to her and she has not waived it in these proceedings.

In addition, there exists a federal public law, commonly known as the Tax Return Privacy Act (26 U.S.C. § 6103, et. seq.), related to the confidentiality and disclosure of tax returns and tax return information.  That Act provides, at the onset, that federal tax "[r]eturns and return information **shall** be confidential."  26 U.S.C. § 6103(a)(emphasis added).   This states the clear

12

policy of federal law that a citizen retains the right of privacy in his tax returns, subject to only

certain exceptions set forth in the Act.  The Act, thus, provides for the only kinds of situations

where disclosure of  those tax returns can be compelled, either by the government or any other

third party..

Relevant to this case, the Act provides as follows:

26 U.S.C. § 6103. Confidentiality and disclosure of returns and return information
- - -
(i) Disclosure to Federal officers or employees for administration of Federal laws not
relating to tax administration

- - -

(4) Use of certain disclosed returns and return information in judicial or administrative
proceedings

(A) Returns and taxpayer return information

Except as provided in subparagraph (C), any return or taxpayer return information
obtained under paragraph (1) or (7)(C) may be disclosed in any judicial or
administrative proceeding pertaining to enforcement of a specifically designated
Federal criminal statute **or related civil forfeiture** (not involving tax
administration) to which the United States or a Federal agency is a party—

(i) if the court finds that such return or taxpayer return information is probative of
a matter in issue relevant in establishing the commission of a crime or the guilt or
liability of a party, or

(ii) to the extent required by order of the court pursuant to section 3500 of title 18,
United States Code, or rule 16 of the Federal Rules of Criminal Procedure.

**(B) Return information (other than taxpayer return information)**

Except as provided in subparagraph (C), any return information (other than
taxpayer return information) obtained under paragraph (1), (2), (3)(A) or (C), or
(7) may be disclosed in any judicial or administrative proceeding pertaining to
enforcement of a specifically designated Federal criminal statute **or related civil
forfeiture** (not involving tax administration) to which the United States or a
Federal agency is a party.

26 U.S.C. § 6103(I)(4)(A and B)(emphasis added)

Other than 26 U.S.C. § 6103(I)(4), there appears to be no other section of this tax return

13

privacy Act that would be relevant to the issue of disclosure in this matter.  The language of that section, then, clearly identifies that disclosure of tax returns in civil forfeiture cases can only be made when there is a judicial or administrative proceeding pertaining to enforcement of a specifically designated Federal criminal statute.  Yet, in this case, no criminal charges were ever filed against Claimant, there is no enforcement of a Federal criminal statute involved, and this civil forfeiture matter is not related to the enforcement of a Federal criminal statute.  Therefore, Claimant is not compelled to provide her tax returns to the government in this matter pursuant to that statutory provision and retains her right of privacy as to those returns as provide in 26 U.S.C. § 6103(a).

Furthermore, this clear language implies that Congress intended that there be disclosure in a civil forfeiture proceeding <u>only</u> under the above circumstances.  Certainly, if Congress had decided to carve out an exception for all civil forfeitures, it could have done so. Having chosen not to carve out such an exception, it is implicit that the tax returns here retain their confidential protection.

In addition to the fact that the statute provides confidentiality to the taxpayer pursuant to 26 U.S.C. § 6103(a), and to the extent that the language of  26 U.S.C. § 6103 appears to be directed towards federal administrative officers, the above-cited cases have also held that such language is only effective if it is interpreted to establish a privilege in the taxpayer in civil proceedings.

## VI.    <u>CONCLUSION</u>

Claimant respectfulness requests that this Court defer any determination of the discovery issues that may exist in this case until after it has decided Claimant's motion to suppress.

Dated:  3 September 2008

Respectfully submitted,


S/DAVID M. MICHAEL
DAVID M. MICHAEL, CSBN 74031
LAW OFFICES OF DAVID M. MICHAEL
101 California Street, Suite 2450
San Francisco, CA 94111
Telephone:  (415) 946-8996
Facsimile:   (877) 538-6220
E-mail:       dmmp5@aol.com


S/DIANA T. FRAPPIER
DIANA T. FRAPPIER CSBN 184048
344  40th Street
Oakland, CA 94609
Telephone:  (510) 428-3939
Facsimile:   (415) 233-4477
E-mail:       esqdiana@comcast.net


S/MICHAEL C. ROSENBLAT
1MICHAEL C. ROSENBLAT, ESQ.
 33 N. LaSalle, Suite 2900
 Chicago, IL 60602-2665
 Telephone:  (312) 948-0006
 Facsimile:   (312) 551-0322

Attorneys for Claimant JOCELYNE MARIE JACKSON

15

**CERTIFICATE OF SERVICE**

I hereby certify that, on 4 September 2008, I caused to be electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

AUSA Charles E. Ex
Office of the U.S. Attorney
Northern District of Illinois
219 S. Dearborn Street, 5th Floor
Chicago, Illinois 60604

S/ DAVID M. MICHAEL
DAVID M. MICHAEL